UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CLIFFORD WAYNE CLARK, JR., et al | CIVIL ACTION 13-2336 |
| VERSUS | DISTRICT JUDGE DRELL |
| DOLGENCORP, LLC, et al | MAGISTRATE JUDGE KIRK |

## SECOND REPORT AND RECOMMENDATION RE REMAND

Before the court is plaintiff's motion to remand, **Doc. 6,** referred to me by the district judge for report and recommendation.

Plaintiff sues on behalf of himself and his two children for damages as a result of an automobile accident in which his wife, Aimee, was killed while on her way home from work at about 4:30 in the afternoon when she ran off the roadway and struck a culvert. Plaintiff initially sued Aimee's employer, Dolgencorp, LLC (Dollar General), her "boss", Area Manager Gienell Doyle, and Dollar General's insurer, National Surety Corporation. Plaintiff alleges that Aimee's employer, Dollar General, and her boss, Doyle, routinely caused her to work excessively long hours, knowing that she was excessively tired and had trouble staying awake after her shifts. Plaintiff sued for damages for wrongful death, mental anguish and anxiety, lost wages, loss of enjoyment of life, survival action damages and Lejuene[1] damages as a result of plaintiff having come to the scene of the accident.

---

[1] LeJeune v. Trend Services, Inc., 699 So.2d 95 (La.App. 3 Cir. 1997).

1

Suit was filed February 13, 2013 in the 9th Judicial District Court, Rapides Parish, Louisiana. Service of process was made on Doyle on February 19, 2013 and on Dollar General on February 26, 2013. Thereafter, having been informed by the attorney for National Surety Corp. that it did not insure Dollar General, plaintiff removed it as a defendant and, by amending petition, named Ace American Insurance Company (Ace) as defendant-insurer. Ace was dismissed on June 25th as it apparently did not insure Dollar General for the accident.

Dollar General and Doyle removed the case to this court on July 25, 2013 alleging that they first became aware the damages sought exceeded $75,000 when plaintiff answered discovery indicating such and that defendant Doyle, a Louisiana resident, was "fraudulently" joined to defeat jurisdiction.

In this motion to remand, plaintiff asserts that National Surety failed to consent to the removal, that the removal was untimely because it was apparent from the face of the petition that the damages in dispute exceeded the jurisdictional limits of this court, $75,000, and that Doyle was not fraudulently joined to defeat diversity jurisdiction.

<center>Analysis.</center>

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.

Consent of all properly served defendants.

The applicable statute, 28 U.S. § 1332(a), gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks exceeds $75,000. 28 U.S. § 1332(a); Caterpillar v. Lewis, 519 U.S. 61, 62, 117 S.Ct. 467, 469 (1996). All plaintiffs must be diverse from all defendants for the court to have diversity

jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611, 2635 (2005). In addition, 28 U.S.C. §1446(a) has been interpreted to require that all then served properly joined defendants join in the timely filed removal petition. See Getty Oil Corporation v. INA, 841 F.2d 1254 (5th Cir. 1988); Fontenot v. Global Marine, Inc., 703 F.2d 867, 870 n.3 (5th Cir. 1983)[2].

Plaintiff argues that National Surety did not consent to removal because the attorney for the removing defendant only recited that National Surety had no objection to the removal but that National Surety filed nothing in the record indicating its consent. Regardless of the effectiveness *vel non* of the purported consent, the fact is that, at the time the case was removed to this court, National Surety was no longer a party to it and its consent was not required. Although National Surety had originally been named as a defendant, plaintiff filed a motion to "remove" it as a defendant through an amending petition. The state court judge allowed the amendment to be filed. The amending petition "substituted" a new paragraph 1. listing the named defendants and listed only Ace as the insurer and made no mention of National Surety as a defendant. Even though Ace was later dismissed, plaintiff never re-named National Surety as a defendant and it was never served.[3] As a non-party, its consent was not required for removal.

Timeliness.

The removing defendants were served on February 19th and 26th. The petition for removal was not filed until July 25, 2013, more than 30 days after service. However, defendant asserts that, as required by Louisiana law, no damage amount was set forth by plaintiff in the petition

---

[2] There are some narrow exceptions to this rule not applicable here.

[3] Although National Surety later filed an answer (which would have waived the requirement of service) the answer was without effect for it was, at the time, no longer a defendant in the case.

and that it removed the case with in 30 days of receiving an "other paper[4]" –namely discovery answers–indicating for the first time that the amount in dispute exceeds $75,000. Discovery answers can constitute "other papers". See, e. g. Leboeuf v. Texaco, 9 F.Supp. 2d 661 (E.D. La. 1998). Plaintiff argues that because this is a wrongful death case, it was "facially apparent" from the petition that the claim was worth more than $75,000, the jurisdictional threshold of this court and, therefore, defendant had 30 days within which to remove the case but did not. Therefore the removal is untimely, plaintiff argues.

The timing of removal of cases from state courts to federal court is set forth in 28 U.S.C. §1446(b), as amended most recently in 2011. There it is provided generally that a notice of removal shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief. If the case is not removable then, it may be removed within 30 days of receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is removable.

The 5th Circuit has most recently analyzed and interpreted the statute in Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392 (5th Cir. 2013). The Mumfrey court explained that until Bosky v. Kroger Tex., LP[5] was decided, the "bright line rule" for removal of cases was that established by the 5th Circuit's seminal case on timeliness disputes, Chapman v. Powermatic, Inc. ,969 F.2d 160 (5th Cir. 1992). It explained that the Chapman court "held that the thirty-day removal period . . . is triggered only where the initial pleading " affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Id. at 163

---

[4] See 28 USC §1446(b).

[5] 288 F.3d 208 (5th Cir. 2002).

(emphasis added). The Chapman court specifically declined to adopt a rule which would expect defendants to "ascertain[ ] from the circumstance[s] and the initial pleading that the [plaintiff] was seeking damages in excess of the minimum jurisdictional amount." Id." The court continued:

> "Ultimately, Chapman lays out a 'bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount.'"

The court in Mumfrey further explained that after Chapman, in the case of Bosky, supra, a panel of the 5th Circuit, in dicta, seemingly relaxed the Chapman "bright line rule" and suggested that damage claims can, in some circumstances, provide sufficient notice that the jurisdictional threshold is met so as to trigger the 30 day period for removal. Courts, including this one, continued to consider the damages that were "facially apparent" in the complaint in determining whether a case had been removable at the time it was filed.

Mumfrey expressly rejected the dicta in Bosky that was the cause of the confusion and instead reiterated that the "bright line rule" set forth in Chapman applies–that is, that the 30 day clock for removal is not triggered unless the initial pleading "affirmatively reveals on its face" that the plaintiff's damages sought exceed the jurisdictional amount.

The Mumfrey court also made clear that, although the clock doesn't begin ticking unless the damages claimed are affirmatively set forth, a defendant is always free to remove the case within that 30 days by showing by a preponderance of the evidence that the claim is really for more than $75,000.

The court distinguished such a "timeliness dispute" from an "amount dispute" where,

5

typically, the defendant removes the case before the amount in dispute is clearly established and plaintiff moves to remand arguing that the jurisdictional amount has not been proved. In that situation, the defendant must prove the amount in controversy by a preponderance of the evidence. Examples of "amount dispute" cases are Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000) and Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).

Mumfrey, therefore, makes it perfectly clear that the "facially apparent" inquiry is applicable only to "amount dispute" cases, and not to timeliness cases.

In the instant case, the petition did not "affirmatively reveal on its face" that the damages sought exceeded $75,000; in other words it did not expressly claim damages in excess of $75,000. Whether the value of the case was facially apparent or not is irrelevant. Defendant was not required to remove the case within 30 days of receipt of the original petition.

Instead, defendant removed within 30 days of receiving answers to discovery showing that plaintiff was seeking more than $75,000. Answers to discovery may constitute "other paper". See Leboeuf v. Texaco, 9 F.Supp. 2d 661 (E.D. La. 1998), Demette v. Wal-mart Stores, Inc. 1991 WL 637107 (W.D.La.1991); Bolin v. Wal-Mart Stores, Inc. 6:93CV1562; Malveaux v. Wal-Mart Stores, Inc., et al, 6:95CV1065 (W.D.La. 1995). See also, Sigur v. Emerson Process Management, 2007 WL 1891133 (M.D. La. 2007); Stewart v. Alvarez, 2002 WL 31255407 (E.D.La. 2002); Maheshwari v. University of Texas-Pan-American, 460 F.Supp. 808 (SDTexas 2006); Thompson v. Southern National Financial Corp. 2006 WL 980783 (S.D.Miss. 2006); City of Dallas v. Explorer Pipeline Co., Inc. 2003 WL 193444 (N.D.Texas 2003); Carter ex. rel. Estate of Carter, 2002 WL 31682352 (E.D.Texas 2002); Anderson v. State Farm Ins. Companies, 2007 WL 2402153 (W.D.Oklahoma 2007); Ortega v. CUNA Mutual Group, 2007 WL 2137950

(W.D.Oklahoma 2007). Therefore the removal was timely.

Fraudulent joinder.

The applicable statute, 28 U.S. § 1332(a), gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks exceeds $75,000. 28 U.S. § 1332(a); Caterpillar v. Lewis, 519 U.S. 61, 62, 117 S.Ct. 467, 469 (1996). All plaintiffs must be diverse from all defendants for the court to have diversity jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611, 2635 (2005). Therefore, where one plaintiff and one defendant are from the same state, ordinarily federal courts have no jurisdiction under § 1332. However, any party may argue that such a case is removable on the basis that complete diversity *would* exist if not for the fact that the non-diverse parties have been improperly joined in the suit. "Improper Joinder" can be established by actual fraud in the pleading of jurisdictional facts, or an inability of a plaintiff to establish a cause of action against a defendant in state court. *McKee v. Kansas City Southern Railway Co.*, 358 F.3d 329, 333 (5th Cir. 2004); Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003).

Defendants allege that plaintiffs have no reasonable possibility of recovery against the individual defendant, Doyle. Their burden of proof is a heavy one. See Ross v. Citifinancial, 344 F.3d 458, 463 (5th Cir. 2003); Travis, 326 F.3d at 648. Our inquiry is similar to that made when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim. Smallwood v. Illinois Central R.R. Co.*,* 385 F.3d 568, 573 (5th Cir. 2004). To prove improper joinder, the defendants must put forth evidence that would negate a possibility of recovery against the non-diverse defendant(s). *Id.* All disputed questions of fact and ambiguities of law must be construed in the plaintiff's favor. Travis, 326 F.3d at 648. Furthermore, the Fifth Circuit has

7


cautioned against a finding of improper joinder before the plaintiff has had sufficient time for discovery. *Id.* at 651 (ordering federal district court to remand case to state court after finding that plaintiff had a reasonable possibility of recovery under state law). "Simply pointing to the plaintiff's lack of evidence at this stage of the case is insufficient to show that there is no possibility for (the plaintiff) to establish (the defendant's) liability at trial." *Id.*

In discerning whether a non-diverse defendant has been fraudulently joined, the court must determine whether the plaintiff has any possibility of recovering against the non-diverse defendant. Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100-101 (5th Cir.) 1990.

The allegations by plaintiff against Doyle are not the usual allegations[6] against a supervisory employee which allegations ordinarily fail. Rather, the petition makes specific allegations of personal fault on the part of Doyle. While defendants argue that no duty was owed by Dollar General and that in any event such a duty was not delegated to Doyle, this court cannot try these issues in a summary proceeding to determine jurisdiction. These allegations and defenses go the heart of plaintiff's case. A Smallwood proceeding or discovery would not assist in that endeavor in this case and would likely move the court "beyond jurisdiction and into a resolution of the merits". Smallwood v. Illinois Cent. R. Co. 385 F.3d 568 (5th C. 2004).[7]

---

[6] In other words, this is not the classic case of attempting to place liability upon an employee "simply because of his general administrative responsibility for performance of some function of employment." Canter v. Koehring Co., 283 So.2d 716, 721 (La. 1973)

[7] "While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed

Defendant has failed to show that there is no reasonable possibility of recovery against Doyle. Therefore, I find that Doyle was not improperly joined to defeat jurisdiction and, therefore, defendant's removal was improper.

<u>Attorney Fees and Costs</u>.

Plaintiff seeks attorney fees and costs under 28 U.S.C. §1447. Under the circumstance of this case I find that the imposition of attorney fees would be inappropriate.

Because complete diversity does not exist, IT IS RECOMMENDED that the motion to remand, doc. #6, be GRANTED and that this case be REMANDED to the 9th Judicial District Court, Parish of Rapides, State of Louisiana.

It is FURTHER RECOMMENDED that attorney fees and costs not be imposed.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS,**

---

beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." 385 F.3d at pp. 573-574.

**CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 13th day of January, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE